**Michael James BERGER, a single man also known as Magic Mike, Plaintiff–Appellee,**

v.

**CITY OF SEATTLE; Virginia Anderson, Director of Seattle Center; Michael B. Anderson, Emergency Service Manager for Seattle Center; Ten Unknown Employees/Officers, of the Seattle Center and the City of Seattle, all in both their individual and official capacities, Defendants–Appellants.**

No. 05–35752.

United States Court of Appeals, Ninth Circuit.

Sept. 2, 2009.

Robert Corn–Revere, Esquire, Davis Wright Tremaine LLP, Washington, DC, John R. Scannell, Esquire, Action Employment Law, Elena Luisa Garella, Esquire, Seattle, WA, Plaintiff–Appellee.

Gary Keese, Carlton W. Seu, Esquire, Seattle City Attorney's Office, Seattle, WA, for Defendants–Appellants.

Before ALEX KOZINSKI, Chief Judge, HARRY PREGERSON, STEPHEN REINHARDT, MICHAEL DALY HAWKINS, KIM McLANE WARDLAW, RONALD M. GOULD, RICHARD A. PAEZ, MARSHA S. BERZON, RICHARD C. TALLMAN, MILAN D. SMITH, JR. and N. RANDY SMITH, Circuit Judges.

**ORDER**

Appellee Michael Berger is awarded attorneys' fees on appeal.

Contrary to the respondents' suggestion, the fee request was timely. A request for attorneys' fees must be filed no later than fourteen days after the expiration of the period within which a petition for rehearing might have been filed. *See* 9th Cir. R. 39–1.6. Although the applicable procedural rules, national and local, do not expressly provide for the filing of a petition for full court rehearing en banc, they apply generally to the procedures governing rehearing en banc, with no exception for full court en banc. *See* 9th Cir. R. 35–3; Fed. R.App. P. 35, 40. Indeed, in every circuit but ours, every petition for rehearing en banc is a petition for full court en banc, so the Federal Rules of Appellate Procedure necessarily apply to such petitions. Our General Orders so recognize, as they expressly contemplate the filing of a petition for rehearing en banc before the full court within fourteen days after the filing of an en banc disposition. *See* 9th Cir. Gen. Order 5.8.

The court received Appellee's petition within fourteen days after the expiration of the period within which a petition for a full court rehearing might have been filed. Appellee's petition is therefore timely.

The determination of an appropriate amount of fees on appeal is referred to the Appellate Commissioner, who shall conduct whatever proceedings he deems ap-

propriate. The Appellate Commissioner's order is subject to reconsideration by the panel. *See* 9th Cir. R. 39–1.9.